1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT GRUBERT; SARAH GRUBERT,

Plaintiffs,

v.

CALIBER HOME LOANS INC;

SHELLPOINT SERVICING,

Defendants.

Case No. 3:24-cv-05405-TMC

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

## I.   INTRODUCTION

In this case, pro se Plaintiffs Scott and Sarah Grubert assert claims under Washington

state law arising from a mortgage they took out on a property in Tacoma, Washington. Before

the Court is a motion to dismiss filed by Defendants Caliber Home Loans Inc. and NewRez, LLC

(doing business as Shellpoint Mortgage Servicing). Dkt. 4.

The Gruberts assert two main claims, one for fraud and one for improper assignment and

recording of the securitization of their mortgage, and a third claim seeking disgorgement of the

wrongful gains resulting from the alleged fraud. However, the Gruberts' fraud claim falls outside

of the applicable statute of limitations and they lack standing to assert their securitization claim.

The Gruberts' claim for disgorgement is reliant on their time-barred fraud claim. Accordingly,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

1
2
3

Defendants' motion to dismiss is GRANTED. Because the defects in the Gruberts' claims are questions of law that cannot conceivably be cured by amendment, the Court will not allow leave to amend.

## II.   BACKGROUND

4
5
6
7
8
9
10
11
12
13
14
15
16
17

On March 8, 2021, the Gruberts signed a promissory note for a loan of $282,400.00, with repayments due to Caliber. *See* Dkt. 4 at 20, 32.[1] The Gruberts' note was secured by a Deed of Trust attached to the real property located at 2304 72nd Street East, Tacoma, Washington, 98404. *Id*. at 21–22. The deed was recorded with Pierce County, Washington, on March 10, 2021. *See id*. at 40. The deed incorporated a "MERS Rider" that amended definitions, including that: (1) Caliber, and "any successors and assigns," is the beneficiary of the deed, (2) the Mortgage Electronic Registration Systems, Inc. (MERS), and "any successors and assigns" is Caliber's nominee appointed to "exercise the rights, duties and obligations of Caliber" as it "may from time to time direct, including . . . appointing a successor trustee, assigning, or releasing, in whole or in part" the deed, and (3) the "nominee" is "one designated to act for another as its representative for a limited purpose." *See id*. at 20, 34–37. The initial trustee was Cascade West Title Company, LLC, doing business as CW Title and Escrow, of Bellevue, Washington. The Gruberts were the "Borrowers" and Caliber was the "Lender" under the deed. *Id*. at 20.

18
19

The terms of the deed provided that both the deed itself ("this Security Instrument") and the note it secured, including a partial interest, could "be sold one or more times without prior

20
21
22
23
24

---

[1] The Court considers the Gruberts' loan documents (Dkt. 4 at 19–39, 47) as incorporated by reference into their complaint without converting Defendants' motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment . . . Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

notice" to the Gruberts. *Id*. at 30. The deed specified that a "sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law." *Id*. And the MERS Rider specified that the beneficiary of the deed, and its nominee, have the "right to exercise any or all interests granted by Borrower to Lender, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, assigning and releasing this Security Instrument, and substituting a successor trustee." *Id*. at 35.

The Gruberts allege that "shortly after" the deed was signed, Caliber "sold all ownership interest in the [underlying] debt to Fannie Mae," which securitized "[i]nterest in the debt" into the Fannie Mae REMIC Trust 2021–29. *See* Dkt. 1 at 6. They allege that Caliber "broke[] chain of title as well as a slew of other violations," by transferring the "beneficial interest" in the debt—but not the Gruberts' promissory note—to Fannie Mae. *See id*. The Gruberts allege that because Caliber did not inform them beforehand that this sale would take place, and since this transfer was not recorded by the Pierce County Recorder's office or the Washington Register of Deeds Office, Caliber defrauded them and the transfer itself was invalid for lack of recording—thereby also invalidating their loan obligations. *See id*. at 7. The Gruberts additionally allege that they "have conducted audits and have concluded that the Defendants never 'loaned' the [Gruberts] anything, yet through a clever book-entry swap, simply loaned (returned) the value of the note created by the [Gruberts] back as a loan that was to be repaid." *Id*. at 11.[2]

---

[2] Defendants claim in their motion to dismiss that the Gruberts stopped making monthly payments on their loan by December 2023. Dkt. 4 at 3. Defendants also claim that the Gruberts were formally notified on February 2, 2024, that they were in default. *Id*. The Court does not assume the truth of these allegations and they are not material to the Court's decision. The Gruberts have not alleged that they have paid the underlying debt obligation due on their promissory note. *See generally* Dkt. 1, 7.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

On May 13, MERS, as Caliber's nominee, assigned its rights in the deed to NewRez and recorded the assignment with Pierce County. *See* Dkt. 4 at 3, 47. On May 24, the Gruberts filed their complaint in this Court. Dkt. 1. The Gruberts claim: (1) Defendants committed fraud because the alleged securitization and sale to Fannie Mae of the Gruberts' debt obligations was concealed from them, (2) the Gruberts' Deed of Trust was improperly assigned for failure to comply with "Fannie Mae's own requirements . . . and Washington State Law," *id*. at 14, and (3) that they are entitled to recover from Defendants the alleged wrongful gains from the fraudulent and improper securitization and sale of their debt obligations. *See id*. at 8–21.

On June 27, Defendants moved to dismiss the Gruberts' complaint for failure to state a claim. Dkt. 4. The parties have filed all briefing on the motion. Dkt. 7, 8.

### III.     JURISDICTION

**A.     The Gruberts' claims meet the requirements for diversity jurisdiction.**

The Gruberts assert that the Court has subject matter jurisdiction under both 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). Although the Gruberts' complaint is often difficult to understand, they appear to assert causes of action arising only under Washington state law, and federal question jurisdiction would not apply. Their claims meet the requirements for diversity jurisdiction—the loan at issue is for $282,400.00, exceeding the $75,000 jurisdictional amount in controversy, and the parties are diverse: the Gruberts are Washington citizens, Caliber is a Delaware corporation (*see* Dkt. 6) and NewRez is a limited liability company whose two members are Delaware LLCs who are themselves wholly-owned subsidiaries of a Delaware corporation (*see* Dkt. 5).

**B.     The Gruberts lack standing to bring their claim for "improper assignment of note."**

Defendants argue, however, that the Gruberts lack standing for their second claim—that the alleged assignment of their Deed of Trust to Fannie Mae was improper due to noncompliance

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

1    with Fannie Mae's and Washington legal requirements. *See* Dkt. 4 at 5; Dkt. 1 at 14.

2         Article III of the U.S. Constitution limits the Court's jurisdiction to "Cases" and

3    "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the party bringing

4    the case must have standing. *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021). The

5    "irreducible constitutional minimum" of Article III standing requires the plaintiff to show the

6    following three elements: "(1) [The plaintiff] suffered an injury in fact, (2) that is fairly traceable

7    to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

8    judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). As the party invoking the Court's

9    jurisdiction, the plaintiff "bears the burden of establishing these elements." *Id.*

10        Injury in fact is the "[f]irst and foremost" of the three elements. *Id.* "To establish injury in

11   fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that

12   is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at

13   339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). A concrete injury is one that

14   is "real, and not abstract." *Spokeo*, 578 U.S. at 340 (internal quotation marks omitted). "An

15   injury in fact can be a physical injury, a monetary injury, an injury to one's property, or an injury

16   to one's constitutional rights, to take just a few common examples." *FDA v. All. for Hippocratic*

17   *Med.*, 602 U.S. 367, 381 (2024). "A 'particularized injury' is one that 'affect[s] the plaintiff in a

18   personal and individual way.'" *Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943

19   F.3d 397, 411 (9th Cir. 2019) (quoting *Spokeo*, 578 U.S. at 339).

20        The Gruberts lack standing for their improper assignment claim because they cannot

21   show "an invasion of a legally protected interest." *Spokeo*, 578 U.S. at 338. In *Deutsche Bank v.*

22   *Slotke*, the Washington Court of Appeals held that a borrower lacks standing to challenge

23   violations of a securitization contract because they are "not a party to or intended third-party

24   beneficiary of that agreement." *Deutsche Bank Nat. Trust Co. v. Slotke*, 192 Wn. App. 166, 177,

367 P.3d 600 (2016). As that court explained, "the securitization of a loan merely creates a separate contract distinct from the plaintiff's debt obligations under the note." *Id.* at n. 39 (citing *In re Nordeen*, 495 B.R. 468, 479 (B.A.P. 9th Cir. 2013)). The Gruberts' loan contract with Caliber is "distinct and separate from any securities transaction in the 'secondary market' encompassing assignment" by and between Caliber and Fannie Mae. *In re Nordeen*, 495 B.R. at 479. The two agreements—(1) the Gruberts' agreement with Caliber and (2) Caliber and Fannie Mae's alleged securitization of that agreement—are separate contracts. *Id*.

Under federal common law as well as Washington state law, "only a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach. The fact that a third party may incidentally benefit under the contract does not confer on him the right to sue." *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) (citing *Far West Fed. Bank, S.B. v. Off. Of Thrift Supervision-Dir.*, 119 F.3d 1358, 1363 (9th Cir. 1997) (internal citation omitted)); *see Deutsche Bank*, 192 Wn. App. at 177. The Gruberts were not parties to or beneficiaries of the alleged agreement between Caliber and Fannie Mae and therefore lack standing to assert any claims arising from that contract, including their allegations of improper assignment and recording. *See also, e.g.*, *Hunt v. U.S. Bank. N.A.*, 593 Fed. App'x 730, 732 (9th Cir. 2015) (applying analogous California law to conclude that "even if the improper securitization occurred or the assignments were fraudulent, the Hunts are not a party to those transactions and are not the victims . . . they cannot show the existence of a present, actual controversy"); *Hummel v. Northwest Trustee Servs., Inc.*, 180 F. Supp. 3d 798, 806–07 (W.D. Wash. 2016) (collecting cases).

The Court therefore DISMISSES the Gruberts' cause of action for "improper assignment of note" WITHOUT PREJUDICE for lack of jurisdiction. *Hampton v. Pacific Inv. Mgmt. Co.*

*LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . .

must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any

power to adjudicate the merits of the case.").

## IV.    LEGAL STANDARDS

### A.    Rule 12(b)(6) Motions to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for

lack of a cognizable legal theory or the "absence of sufficient facts alleged to support a

cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041

(9th Cir. 2010) (citation omitted). In other words, the Court will test the legal sufficiency of the

claims made in the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The

complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In doing so, the Court accepts all factual allegations as true and draws all reasonable

inferences in favor of the nonmoving party when evaluating a Rule 12(b)(6) motion. *Retail Prop.*

*Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). The Court

must liberally construe a pro se plaintiff's pleadings and afford him "the benefit of any doubt."

*Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010)). However, the Court does not assume the truth of legal conclusions

presented as facts, *see Twombly*, 550 U.S. at 555, and mere conclusory statements—such as

stating that the elements of a claim are met without providing supporting factual allegations—are

not enough. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint . . . does not

mean that the court will supply essential elements of a claim that are absent from the complaint."

*Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

Additionally, on a motion to dismiss, the Court "may consider documents relied on in a

complaint without converting the motion to one for summary judgment." *Lamb v. Mortg. Elec.*

*Registration Sys., Inc.*, No. C10-5856RJB, 2011 WL 5827813, at *2 (W.D. Wash. Nov. 18,

2011) (citing *Lee v. City of L.A.,* 250 F.3d 668, 688–89 (9th Cir. 2001)). The Court may consider

evidence on which the complaint "necessarily relies" when the complaint refers to the document

and the document is central to the plaintiff's claim, and no party questions the authenticity of the

copy attached to the Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Id*. (citing *Marder v. Lopez,* 450

F.3d 445, 448 (9th Cir. 2006)). "A court may treat such a document as 'part of the complaint,

and thus may assume that its contents are true for purposes of a motion to dismiss under Rule

12(b)(6).'" *Id*. (citing *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003)).

## V.    DISCUSSION

### A.    The Gruberts fail to state a claim for fraud and their fraud claims are barred by the statute of limitations.

Having dismissed the Gruberts' claim that Caliber improperly assigned their mortgage

for lack of standing, the Court turns to their fraud claim. Defendants argue that the Gruberts'

claim should be dismissed both because they cannot plead the elements of fraud and because

their claims are barred by the statute of limitations. *See* Dkt. 4 at 6.

The Gruberts' fraud claim is predicated on their theory that the sale and assignment of

Caliber's beneficial interest in their home loan to another party through the MERS system,

without recording that change of ownership with state or local authorities or informing the

Gruberts that such a sale could take place, invalidated the Gruberts' original contractual

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

agreement with Caliber because the sale constituted fraud, and that the Gruberts failed to fully

understand the MERS system when they signed the loan. *See generally* Dkt. 1 at 8–14, 7.

The Ninth Circuit has explained at length the origins of the MERS system and how it

works in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038–40 (9th Cir. 2011).

"After a borrower takes out a home loan, the original lender may sell all or a portion of its

beneficial interest in the loan and change loan servicers. The owner of the beneficial interest is

entitled to repayment of the loan." *Id.* at 1038. One way to do so is through the Mortgage

Electronic Registration Systems, Inc., or "MERS." *Id*. at 1039. "MERS was designed to avoid

the need to record multiple transfers of the deed [in county records] by serving as the nominal

record holder of the deed on behalf of the original lender and any subsequent lender." *Id*. "If the

lender sells or assigns the beneficial interest in the loan to another MERS member, the change is

recorded only in the MERS database, not in county records, because MERS continues to hold the

deed on the new lender's behalf." *Id.* The sale and subsequent securitization of the beneficial

interest in a loan "merely creates a separate contract, distinct from plaintiffs' debt obligations

under the Note and does not change the relationship of the parties in any way." *Lamb*, 2011 WL

5827813, at *6.

To assert a claim of fraudulent inducement, misrepresentation, or concealment under

Washington law, "a plaintiff must show: '(1) a representation of existing fact, (2) its materiality,

(3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted

upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to

whom the representation is addressed, (7) the latter's reliance on the truth of the representation,

(8) the right to rely upon it, and (9) consequent damage.'" *PCF Ins. Servs. Of the W., LLC v.*

*Fritts*, No. C23-1468-JCC, 2024 WL 1299954, at *2 (W.D. Wash. Mar. 27, 2024) (quoting

*Elcon Const., Inc. v. E. Wash. Univ.*, 174 Wash.2d 157, 166, 273 P.3d 965 (2012)). In *Cervantes*,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 9

the Ninth Circuit held that plaintiffs bringing fraud claims based on similar allegations about the MERS system could not plead material misrepresentations because "the explicit terms" of the deed they signed "describe MERS's role in the home loan." 656 F.3d at 1042; *see also id.* ("By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents."). The Gruberts' fraud claims suffer from the same defect.

But even if the Gruberts could make out the elements of fraud, their claims would also be untimely. Fraud claims under Washington law are subject to a three-year statute of limitations. *See* RCW § 4.16.080(4). A cause of action for fraud accrues upon "the discovery by the aggrieved party of the facts constituting the fraud." *Id.* The Gruberts signed the promissory note at issue, and associated Deed of Trust, on March 8, 2021. *See* Dkt. 1 at 5, Dkt. 4 at 32. The Gruberts' fraud claims appear to be based on the idea that Caliber induced them to enter the loan without their knowledge of its "true nature" or "true character," *see* Dkt. 1 at 8–9. But the Gruberts' contract documents with Caliber, including the MERS rider, explain how changes to beneficiaries may take place and that successors, assigns, and nominees of Caliber may effect those and other changes. *See* Dkt. 4 at 20, 34–37; *see supra* Sec. I. This was sufficient to provide notice to the Gruberts of the facts constituting the alleged fraud, even if the Gruberts allege they did not fully comprehend the "true nature" of those facts at the time.

The Gruberts did not file their complaint claiming fraud until May 24, 2024, over three years after they had access to the facts underlying their claim. Dkt. 1. Because the Gruberts bring their fraud claims outside the statute of limitations, their claims must be dismissed with prejudice. *See Fowler v. Guerin*, 200 Wash. 2d 110, 118, 515 P.3d 502 (2022) ("[S]tatutes of limitation reflect the importance of finality and settled expectations in our civil justice system."). Because the Gruberts' fraud claim is dismissed, their claim for disgorgement of any associated wrongful gains from the alleged fraud (Dkt. 1 at 18) is also dismissed.

**B.      Leave to amend would be futile.**

When granting a motion to dismiss, a district court should generally provide leave to amend unless it is clear the complaint could not be saved by amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," amendment will not be allowed if it would be futile. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, leave to amend would be futile because the Gruberts do not have standing to assert any claims arising from the securitization agreement, and the addition of new allegations to their fraud claims would not make those claims timely.

## VI.      CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (Dkt. 4) is GRANTED. The Court dismisses the Gruberts' claims of fraud (Dkt. 1 at 8), improper assignment (*id*. at 14), and disgorgement (*id*. at 18). The Gruberts' claims of improper assignment are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Gruberts' claims for fraud and disgorgement are DISMISSED WITH PREJUDICE because they are barred by the statute of limitations.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of October, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 11