UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT GRUBERT; SARAH GRUBERT,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIBER HOME LOANS INC;<br><br>SHELLPOINT SERVICING,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-05405-TMC<br><br>ORDER DENYING PETITION FOR REHEARING AND MOTION FOR LEAVE TO AMEND |

## I.　ORDER

Before the Court is pro se Plaintiffs Scott and Sarah Grubert's petition for rehearing (Dkt. 18) of the Court's order granting Defendants Caliber Home Loans Inc. and NewRez, LLC's (doing business as Shellpoint Mortgage Servicing) motion to dismiss (Dkt. 16). The Gruberts have also filed a motion for leave to amend their complaint. Dkt. 19.

Under this District's Local Civil Rules, "[a] motion for reconsideration shall be plainly labeled as such" and "shall be filed within fourteen days after the order to which it relates is filed." Local Civil Rule 7(h)(2). Under 7(h)(1), motions for reconsideration are disfavored, and the Court "ordinarily will deny such motions in the absence of a showing of manifest error in the

prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The Court construes the Gruberts' petition for rehearing as a motion for reconsideration. *See* Local Civil Rule 7(h)(2); *see also Ross v. Shelton*, No. 19-35247, 2020 WL 9421207, at *1 (9th Cir. Nov. 5, 2020) (treating plaintiff's petition for rehearing as a motion for reconsideration). As such, the Gruberts' motion—filed 27 days after the Court's order granting Defendants' motion to dismiss—is untimely. *See* Local Civil Rule 7(h)(2).

Even if untimeliness is excused because of their pro se status, the Gruberts' motion for reconsideration would fail on its merits. The Gruberts' motion repeats arguments already made in the briefing on the motion to dismiss and reiterates facts already provided to the court. *See generally* Dkt. 18 at 2–4. The Gruberts fail to present new evidence or legal authority that they have standing to bring their claim for "improper assignment of note," or that their fraud claim is not time-barred under Washington law. *See* Dkt. 16 at 4-6; 10. Nor have they provided new evidence that granting leave to amend their complaint will not be "futile," given their lack of standing and untimely fraud claims. *See id.* at 11.

The petition for rehearing (Dkt. 18) is DENIED. The Gruberts' motion for leave to amend their complaint (Dkt. 19) is also DENIED as moot because the Court has already denied leave to amend and entered judgment in favor of Defendants.

Dated this 4th day of November, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR REHEARING AND MOTION FOR LEAVE TO AMEND - 2